CANADY, J.,
dissenting.
Under Article V, section 3(b)(3) of the Florida Constitution, “[t]his Court may only review a decision of a district court of appeal that expressly and directly conflicts with a decision of another district court of appeal or the Supreme Court on the same *1231 question of law.” Jenkins v. State, 385 So.2d 1356, 1359 (Fla.1980). Here, the majority, finds conflict between, cases in which the causes of action are not the same and the courts address and resolve different legal issues. Because the Fifth District Court’s decision does not conflict with Blanchard, Imhof, or Vest, I dissent.
In the instant case, “the only cause of action before the trial court was Fridman’s UM claim.” Fridman, 117 So.3d at 19. Safeco tendered the UM policy limits, and the court — over Safeco’s -objection — proceeded to trial, after which the jury found $1 million in damages to Fridman. The trial court reserved jurisdiction to award bad faith damages should Fridman pursue and prevail on such a claim. On review, the district court reversed, holding that Fridman was correct not to include a bad faith claim in the UM action against Safe-col Thus, the 'district court determined that “while in ordinary circumstances an insured must obtain a judgment in excess of policy limits before prosecuting a first party bad faith claim, it was the establishment of the fact that such damages were incurred and not their precise amount that formed the basis for a subsequent bad faith cause of action.” Id. at 20 (emphasis added).
In contrast to the case before the Court, which addressed a UM suit, the three alleged conflict .cases — Blanchard, Imhof, and Vest — raddressed issues in first-party actions for bad faith against an insurer. Blanchard held that “an insured’s underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad' faith in settlement negotiations can accrue.” 575 So.2d at 1291. The Court explained that “[a]b-sent a determination of the existence of liability on- the part of the uninsured tort-feasor and the extent of the plaintiffs damages, a cause of action cannot exist for a bad faith failure to settle.” Id. In Imhof, the plaintiff settled his UM claim with the tortfeasor and then sued his insurer for bad faith for failure to settle. 643 So.2d at 618. Answering a certified question, this Court held that “[njeither Blanchard nor section 624.155(2)(b) requires the allegation of a specific amount of-damages” in a bad faith claim. Id. Finally, in Vest this Court again addressed an issue regarding damages recoverable in a bad faith action against an' insurer. 753 So.2d at 1272. The Court held that “a claim for bad faith pursuant to section 624.155(1)(b)l[.] is founded upon the obligation of the insurer to pay when all conditions under the policy would require an insurer exercising good faith and fair dealing towards’ its insured to pay. This obligation on the part of an insurer requires the insurer to timely evaluate and pay benefits owed on the insurance policy.” Id. at 1275. . ..
The three alleged conflict cases all address issues regarding. bad faith claims against insurers for failing to settle. In this ease, however, the petitioner did not bring or argue a bad faith caqse of action in the trial court. And the district .court’s opinion acknowledges that there is no bad faith claim in the case. Moreover, the district court’s statement that a determination of the dollar amount' of the damages is not required > to 1 establish the extent of damages for a bad faith suit is congruent with this Court’s decisions in the alleged conflict cases. Because the alleged conflict cases are factually distinguishable and their holdings do not conflict with the district court’s decision in this case on the same question of law, this Court lacks jurisdiction. Accordingly, I would discharge'the case'on that basis.
POLSTON, J., concurs.